78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
S & P, INC., Plaintiff-Appellant,
v.
Daniel H. PFEIFER and Sweeney, Pfeifer & Blackburn,
Defendants-Appellees.
 No. 95-3508.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 13, 1996.
Decided March 7, 1996.
 
 1
 Before COFFEY and FLAUM, Circuit Judges, and MORAN, Senior District Judge.[1]
 
 ORDER
 
 2
 On May 6, 1994, this Court concluded that the bankruptcy court relied upon erroneous cash-on-hand and rental payment figures and remanded for reconsideration of damages. On remand, the bankruptcy court changed its methodology for determining the feasibility of a reorganization of the Big Bear Restaurant, concluded that a successful reorganization would have been impossible, and adhered to its earlier damages assessment. Chief Judge Allen Sharp affirmed that decision on October 3, 1995, and this successive appeal followed.
 
 
 3
 Plaintiff's primary argument is that this court mandated that the revised figures be incorporated in the methodology previously used and, if that were done, the likely profits were ample to support a plan of reorganization. We intended no such restriction upon the bankruptcy court. As we then said, "We leave it to the bankruptcy court to determine on remand whether reorganization would have been possible...." Indeed, in the earlier appeal the record was sparse and there was no way this court could have independently determined whether or not a reorganization was feasible. More importantly, that judgment is initially the province of the experienced bankruptcy judge who had reviewed all the exhibits and heard all the testimony.
 
 
 4
 On remand, Judge Robert K. Rodibaugh took another careful look and backed up his conclusions in a thorough 28-page opinion. On appeal, Chief Judge Sharp carefully and thoroughly reviewed those conclusions in a 25-page opinion. Since the bankruptcy court could take a fresh look, and it did so, the only basis for a successful appeal here is persuading this court that the bankruptcy court's conclusions were clearly erroneous. That is a daunting task, and Chief Judge Sharp's opinion amply explains why plaintiff fails to so persuade.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Honorable James B. Moran, Senior Judge of the Northern District of Illinois, is sitting by designation